# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06-cv-149-JCH |
| | ) |
| ALAN BLAKE, MARTY BELLEW-SMITH, LINDA MEADE, JON ROSENBOOM and UNKNOWN SECURITY AIDES, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Larry Coffman for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, an inmate at the Missouri Sexual Offender Treatment Center (MSOTC) in Farmington, Missouri, seeks monetary relief, pursuant to 42 U.S.C. § 1983, against the following defendants: Alan Blake, Marty Bellew-Smith, Linda Meade, Jon Rosenboom and Unknown Security Aides. Plaintiff alleges that defendants denied him his constitutional rights by subjecting him to arbitrary discipline, retaliation and racial discrimination because he filed grievances and lawsuits. Specifically, plaintiff states that defendants failed timely to deliver his mail, interfered with his outgoing mail and violated his right to confidentiality in legal mail. Plaintiff alleges that such interference with his mail resulted in denial of his constitutional right of access to the courts.

Plaintiff also alleges that his incarceration at MSOTC constitutes punishment because there are only two toilets, three sinks and one shower for seventeen men. Plaintiff alleges that treatment is bad, and detainees must sit in the day hall fifteen hours a day, seven days a week.

**Discussion**

**A.     Sufficiency of the complaint as to individual defendants.**

Having reviewed plaintiff's complaint, the Court finds no specific allegations asserted against defendants Bellew-Smith, Meade or Rosenboom. As such, defendants Bellew-Smith, Meade and Rosenboom will be dismissed, without prejudice. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Plaintiff's claims against defendants Unknown Security Aides must also be dismissed because, in general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, if the complaint makes allegations specific enough to permit the identity of the party to

2

be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Unknown Security Aides" to be ascertained after reasonable discovery. These particular defendants are both unidentified and indeterminate in number. This is not permissible. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

The question then arises whether defendant Blake may be held liable for the alleged violations of plaintiff's constitutional rights. Clearly, he may not be held liable on the basis of his status as the MSOTC chief operating officer. *See Boyd*, 47 F.3d at 968. However, "chief executive officers of penal institutions, such as '[a] prison warden can be held liable for policy decisions which create unconstitutional conditions.'" *Reutcke v. Dahm*, 707 F.Supp. 1121, 1134 (D.Neb.1988) (quoting *Martin,* 780 F.2d at 1338; *Ouzts v. Cummins,* 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam). Similarly, defendant Blake may be held liable for policy decisions that create unconstitutional conditions. The Court cannot discount the possibility that defendant Blake was responsible for the policy decisions that created the conditions alleged by plaintiff to be unconstitutional. *See id.* Because defendant's role is unknown, the Court finds that he may be a proper defendant in this matter. Accordingly, the Court will consider plaintiff's claims as to defendant Blake.

**B.     Claims barred by res judicata.**

The Court notes that plaintiff has previously filed forty lawsuits in this Court. Several of the claims raised in the instant complaint are identical to those raised by plaintiff in previous actions, which this Court dismissed pursuant to § 1915(e)(2)(B). As to the issue of the conditions at the MSOTC amounting to punishment, plaintiff has filed at least three complaints, which were dismissed pursuant to § 1915(e)(2)(B). *See Coffman v. Blake*, 4:05-cv-883-ERW (E.D.Mo.); *Coffman v. Blunt*, 4:05-cv-698-TCM (E.D. Mo.); and *Coffman v. Nixon*, 4:04-cv-89-DJS (E.D. Mo.). The Court also previously dismissed, pursuant to § 1915(e)(2)(B), plaintiff's claims regarding

3

the number of sinks, toilets and showers provided for seventeen men. *See Coffman v. Nixon*, 4:04-CV-89-DJS (E.D. Mo.). Therefore, these claims must be dismissed. *See Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (holding that dismissal of claim as frivolous has res judicata effect on frivolousness determinations for future in forma pauperis petitions raising identical claims).

### C. Confinement in day hall; bad treatment.

Plaintiff states that he must sit in the day hall for fifteen hours a day, seven days a week. If detainees at MSOTC live under conditions of confinement that are more restrictive than confinement conditions for inmates, with less freedom of movement, constant supervision, and few recreational and vocational opportunities, such conditions may violate the Eighth Amendment. *See, e.g., Eckerhart v. Hensley*, 475 F.Supp. 908, 924 (W.D.Mo. 1979). Accordingly, plaintiff's claim that he is restricted to the day hall for fifteen hours a day, seven days a week, survives review under 28 U.S.C. § 1915(e), and the Court will order that defendant Blake respond to this claim.

Plaintiff's allegation as to "bad treatment" is too broad and conclusory to state a claim. While required to give the complaint a liberal construction, this Court is not required to supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Plaintiff provides no specific factual assertions beyond the conclusory allegation of "bad treatment." As such, his allegation does not support a cause of action under § 1983.

### D. Censorship of or interference with mail; denial of right of access to the courts.

Plaintiff's claims regarding arbitrary, retaliatory and discriminatory censorship of or interference with his mail survive review under § 1915(e)(2)(B) and should not be dismissed at this time. Moreover, plaintiff has stated a claim that such interference with his mail resulted in denial of his constitutional right of access to the courts. Specifically, plaintiff appears to allege that defendants intercepted a Court-ordered supplement to a nonfrivolous complaint, which resulted in the Court's dismissal of the case. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996). Accordingly, the Court will order that defendant Blake respond to these claims.

4

### E. Appointment of counsel.

Plaintiff moves for appointment of counsel [Doc. 4]. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing,* 146 F.3d. 538, 546 (8th Cir. 1998). The standard for appointment of counsel in a civil case involves the weighing of several factors, which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997).

In this matter, the Court finds that appointment of counsel is not warranted at this time. Plaintiff's claims against defendant are not so complex legally or factually as to require appointment of counsel. Additionally, based on plaintiff's complaint, it appears that he can adequately prosecute his claim for the foreseeable future. *Id*. Therefore, the Court will deny plaintiff's motion for appointment of counsel without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Marty Bellew-Smith, Linda Meade, Jon Rosenboom and Unknown Security Aides. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that, as to defendant Alan Blake, the Clerk shall issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that defendant Alan Blake shall reply to complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] be **DENIED**, without prejudice.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B.

An appropriate order shall accompany this order and memorandum.

Dated this 24th day of February, 2006.


    /s/ Jean C. Hamilton
      **UNITED STATES DISTRICT JUDGE**