UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06-cv-00149-JCH |
| ) | |
| ALAN BLAKE, et al., ) | |
| ) | |
| Defendant(s) ) | |

## MEMORANDUM AND ORDER

This Matter is before the Court upon Defendant's Motion to Dismiss (Doc. No. 4), filed April 4, 2006. The matter is briefed and ready for disposition.

## BACKGROUND

On February 1, 2006, Plaintiff, an inmate at the Missouri Sexual Offender Treatment Center ("MSOTC"), filed a Complaint alleging that Defendant Alan Blake, Chief Operating Officer of the MSOTC, was unlawfully interfering with his legal and confidential mail, denying his access to the courts, and retaliating against him in response to Plaintiff's previously filed grievances. (Compl., Doc. No. 3). Plaintiff also alleged that Blake's policy of requiring detainees to sit in the day hall of MSOTC for fifteen hours a day, seven days a week, constitutes a violation of the 8th Amendment. (Id.). Plaintiff seeks monetary and injunctive relief for the alleged violations of his constitutional rights. Defendant filed a motion to dismiss on April 6, 2006 (Doc. No. 12). Plaintiff responded on

July 7, 2006 (Doc. No. 15).

## STANDARD of REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the complaint in the light most favorable to Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Jackson Sawmill Co., Inc. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fuxco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982). The Supreme Court has stated that the allegations of a pro se complaint "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers...." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations omitted).

Defendant's motion to dismiss present three arguments. First, Defendant claims that Plaintiff's suit against him is barred by the Eleventh Amendment. Second, Defendant alleges that Plaintiff's claims against Blake impermissibly rely on the *respondeat superior* doctrine. Third, Defendant argues that Plaintiff failed to state a claim in his Complaint regarding the conditions of his confinement.

## I. Defendant's Alleged Immunity from Suit under the Eleventh Amendment.

Defendant asserts that Plaintiff's Complaint should be summarily dismissed because the Constitution bars suit against the state or one of its agencies, unless there is consent to be sued. (Def.'s Memo. Supp. of Mot. to Dismiss, PP. 1). While Defendant is correct that this rule applies and immunizes state officials when they are sued for damages, this defense does not address all relief

requested in Plaintiff's complaint. *See Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989).

In *Ex Parte Young*, the Supreme Court established an exception to Eleventh Amendment immunity for actions seeking to enjoin state officials, in their official capacities, from acting unconstitutionally. 209 U.S. 123, (1908). The Eighth Circuit has recognized this exception in suits in which the plaintiff sought prospective injunctive relief against the actions of state officials. *Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989). *See also, Gralike v. Cook*, 996 F. Supp. 889, 898-99 (W.D. Mo. Jan. 15, 1998)

In reviewing a pro se complaint, the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Reading Plaintiff's complaint liberally, the Court notes that Plaintiff seeks both monetary damages and injunctive relief. (Compl., PP. 2, 13-14). Specifically, he wants the interference with his legal and confidential mail stopped. (Compl., PP. 2). Plaintiff also clarified his request for relief in his Response to the Defendant's Motion to Dismiss, wherein he simply asked the court to "enjoin [the] Defendant Alan Blake...[from] retaliating against Plaintiff for the exercise of his first amendment rights." (Doc. 15, PP. 1).

Plaintiff's claims for monetary damages must be dismissed. However, because the immunity conferred upon government officials by the Eleventh Amendment of the Constitution does not apply to a suit seeking injunctive relief from unconstitutional behavior, and Plaintiff's Complaint clearly seeks such relief, Defendant's request to dismiss all claims for injunctive relief due to governmental immunity is denied.

**II.  The Doctrine of Respondeat Superior is not Applicable to Plaintiff's Claims Against Blake**

Plaintiff is estopped from claiming *respondeat superior* in §1983 action. *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990). "To hold a supervisor liable under § 1983, a plaintiff must allege

and show that the supervisor personally participated in or had direct responsibility for the alleged violations." *McDowell v. Jones*, 990 F.2d 443, 435 (8th Cir. 1993). Alternatively, a prison warden may be held liable for policy decisions which create unconstitutional conditions. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). In his Complaint, Plaintiff specifically charges Alan Blake with interfering with his mail, and retaliating against him. (Compl., PP. 2). In addition, in its previous Order and Memorandum, this Court held that Blake could be brought as a Defendant because he could be held liable for policy decisions creating unconstitutional conditions. (Doc. 5, PP. 3). Thus, because Blake has been identified as a Defendant on account of his specific actions and not for his role as supervisor to others, and because he may be held liable for the unconstitutional effect of his policy decisions, the Defendant's argument fails.

### III. Defendant Failed to Respond to the Allegations that the conditions of confinement alleged by Plaintiff violate the Eighth Amendment.

In his Motion to Dismiss, Defendant argues that Plaintiff's allegations concerning his confinement failed to state a claim upon which relief could be granted because he pled that "the men" have to stand as opposed to "he" (the Plaintiff) was forced to stand. (Def.'s Memo. Supp. of Mot. to Dismiss, PP. 3). This Court has already construed his Complaint to allege that he was forced to stand. (Doc. 5, PP. 4). Furthermore, the Court, in its previous order (Doc. No. 5), recognized that "if detainees at MSOTC live under conditions of confinement that are more restrictive than confinement conditions for inmates...such conditions may violate the Eighth Amendment. (Doc. 5, PP. 4). The Eighth Circuit has previously allowed plaintiff inmates to bring cases and present evidence based upon claims that prison conditions violate the Eighth Amendment. *See, e.g. Martin*, 780 F.2d at 1338 (allowing inmate to present evidence on claims regarding unhealthfulness of prison's

physical conditions, and lack of sufficient opportunity to exercise, among other things). Thus, Defendant has not established that Plaintiff's complaint should be dismissed under Rule 12(b)(6).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alan Blake's Motion for Dismiss (Doc. No. 12) is **GRANTED** in part, and Plaintiff's claims for monetary damages are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant Alan Blake's Motion to Dismiss (Doc. No. 12) as it pertains to all other claims is **DENIED**.

Dated this 27th day of September, 2006

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE