# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **LARRY COFFMAN**, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:06-cv-00149-JCH |
| **ALAN BLAKE**, | ) |
| Defendant | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendant's Motion for Summary Judgment (Doc. No. 27), filed September 29, 2006. The matter is briefed and ready for disposition.

## BACKGROUND

Plaintiff is a resident of the Missouri Sexual Offender Treatment Center ("MSOTC"). (Def.'s Mot. for Sum. J., Doc. No. 27 at Ex. A ¶ 14). Plaintiff was civilly committed to MSOTC as a sexually violent predator pursuant to the Missouri Sexually Violent Predators Act ("MSVPA"), Mo. Rev. Stat. § 632.480 et seq. (Id.). Defendant is the Chief Operating Officer and head of the MSOTC. (Id. at ¶ 1).

MSOTC employs a treatment model that stresses cognitive and behavioral modification with the goal of preventing future sexually deviant behavior. (Id. at ¶ 3). The treatment program, which contains multiple stages and levels, is based, at its core, on modifying behavior through positive

1

reinforcement. (Id. at ¶ 4). Specifically, a resident's privileges are tied to his positive and negative behaviors. (Id.). Along with the reward system, the treatment program consists of group and individual therapy sessions. (Id. at Ex. C, pg. 133). Residents, however, are given time to engage in leisure activities, such as watching television, reading, or playing board games. (Id.).

MSOTC has determined that certain rules are necessary to facilitate the residents' treatment and ensure the staff's safety. First, residents are prohibited from spending time in their rooms during the day unless they have a medical need. MSOTC believes that allowing them to stay in their rooms increases the security risk to the staff and erodes the treatment program's effectiveness by giving them a place to act out negative behaviors. (Id. at Ex. A ¶ 7-8). Second, MSOTC requires that all incoming mail is searched for contraband before being given to residents. (Id. at Ex. C, pg.153). Legal mail, however, is opened by the resident in front of staff so that they can quickly determine if it contains any contraband. (Id.). For outgoing legal mail, there is no limit on the number of stamps a resident can request and the staff does not check it for contraband unless clearly warranted. (Id.).

Since February 2006, Plaintiff has resided in the Readiness Ward, which houses residents who have shown an inability to meet the MSOTC's expectations. (Id. at Ex. A ¶ 13). For example, residents are placed on this ward if they have three or more intolerable violations, a single incident of physical assault, or re-offend. (Id. at Ex. B, pg. 93). Unlike other wards, which employ a level system where certain privileges are automatic, the Readiness Ward employs a token system. (Id. at Ex. B, pg. 69-70). The Readiness Ward residents have no automatic privileges and must earn tokens by engaging in positive behavior. These tokens are exchanged for privileges such as watching tv, making a phone call, or having a visitor. (Id. at Ex. B, pg. 60-80).

2

In the Readiness Ward, residents do have access to their rooms for a half-hour during the day and after 8:00 pm. (Id. at pg. 85-87). Furthermore, they do not need permission to leave the day hall to go to the bathroom or to get water. (Id. at pg. 82). The Readiness Ward, however, still employs the same treatment program of group and individualized therapy.[1] (Id. at Ex. D).

Pursuant to 42 U.S.C. § 1983, Plaintiff filed a Complaint on February 1, 2006 containing multiple claims that Defendant violated his constitutional rights. (Compl., Doc. No. 3). Defendant filed a Motion to Dismiss on April 6, 2006. (Doc. No. 12). The Court granted in part, and denied in part, Defendant's motion. (Order, Doc. No. 25). The following claims remain: 1)that Defendant denied Plaintiff access to the courts by interfering with the delivery of his legal mail; 2) that Defendant took such actions in retaliation for Plaintiff's exercise of his First Amendment rights[2]; and that Defendant's policy of requiring residents to "sit in the day hall [of MSOTC] for fifteen hours a day, seven days a week," violated his Eighth Amendment rights. (Compl., Doc. No. 1 pgs. 1, 3, 8). Plaintiff seeks declaratory and injunctive relief for all of his claims. Defendant filed this Motion for Summary Judgment on all remaining claims on September 29, 2006.

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[1]Plaintiff's progress notes indicate that he actively participates in leisure activities, but shows very little interest in group treatment activities. (Id. at Ex. F, pg. 169, 173, 182, 186, 195, 206, 208, 212).

[2]Plaintiff alleges the retaliation occurred after he filed a grievance.

3

law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Anderson, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

As stated previously, Plaintiff alleges that Defendant interfered with the delivery of his mail, that this interference was in retaliation to the exercise of his First Amendment rights, and subjected him to cruel and unusual punishment by making him sit in the day hall for fifteen hours a day. Defendant alleges that Plaintiff cannot make the necessary factual showing to support his claims and that this Court should dismiss them. Further, Defendant argues that he is entitled to qualified immunity

because he has not violated any of Plaintiff's constitutional rights. The Court will examine each allegation in turn.

**Denial of Access to the Courts**

Plaintiff claims that he was denied access to the courts by alleged delays in delivery of his mail. The Eighth Circuit instructs that "[t]o sustain [a] claim based on denial of access to legal materials, counsel, or the courts, [a plaintiff] must prove that he suffered an actual injury or prejudice as a result of the alleged denial of access." Johnson v. Hamilton, 452 F.3d 967, 974 (8th Cir. 2006). Plaintiff must also prove that a nonfrivolous legal claim "has been frustrated or was being impeded." Moore v. Plaster, 266 F.3d 928, 933 (8th Cir. 2001), quoting Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998). The Eighth Circuit has held conclusory claims of being denied access to the courts "must fail because [plaintiff] has not presented any evidence or even pleaded any facts that would support a finding of injury or prejudice." Johnson, 452 F.3d at 974. Here, Plaintiff presented no evidence either that a nonfrivolous legal claim exists or that an actual injury occurred. Thus, Plaintiff's denial of access to the courts claim fails.

**First Amendment Retaliation Claim**

In order to make a First Amendment retaliation claim under § 1983, Plaintiff must show (1) he engaged in a protected activity; (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity. Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004). Plaintiff must present evidence of a causal connection between the protected activity and the adverse action. Id. at 876. Although causation is generally a question for the jury, it

can provide the basis of summary judgment when "the question is so free from doubt as to justify taking it from the jury." Naucke v. City of Park Hills, 284 F.3d 923, 927-28 (8th Cir. 2002), quoting Ricketts v. City of Columbia, 36 F.3d 775, 779 (8th Cir. 1994). Even assuming that Plaintiff can show that he engaged in a protected activity and that Defendant delayed his legal mail, he has failed to offer any evidence of a causal connection between the delay and his filing of a grievance. See Revels, 382 F.3d at 876 (affirming grant of summary judgment where plaintiff failed to present any evidence of causation). Thus, Plaintiff's First Amendment retaliation claim must be dismissed.

**Plaintiff's Eighth Amendment Cruel and Unusual Punishment Claim**

Plaintiff alleges that Defendant violated his Eighth Amendment rights by forcing him to "stand in the day hall 15 hours a day." (Compl., Doc. No. 1 at pg. 8). Defendant argues that the Eighth Amendment does not apply to Plaintiff because he is not being punished for criminal behavior through incarceration, rather he has been civilly committed by the state. (Memo. in Support of Mot. for Sum. J., Doc. No. 27 pg. 4).

The Fourteenth Amendment, not the Eighth Amendment, is the appropriate source for determining the rights of the civilly committed. Revels, 382 F.3d at 874; see also Youngberg v. Romeo, 457 U.S. 307 (1982).The MSVPA is civil, and not penal, in nature. Kansas v. Hendericks, 521 U.S. 346, 369 (1997) (holding involuntary commitment under the Kansas Sexually Violent Predator Act is not punitive); See State ex rel. Nixon v. Kinder, 129 S.W.3d 5, 8 (Mo. Ct. App. 2003) (applying Hendericks and finding that commitment under MSVPA is civil in nature). Thus, Plaintiff fails to state a claim under the Eighth Amendment.

Even assuming that Plaintiff meant to assert a substantive due process claim under the

6

Fourteenth Amendment, the Court will still grant Defendant's Motion for Summary Judgment. Under the Fourteenth Amendment, an institutionalized person has liberty interests in safety and freedom from bodily restraint. See Youngberg, 457 U.S. at 320. A corollary to these interests is that of receiving a minimally adequate treatment program. See id. at 322. The Eighth Circuit has explained that when a professional is sued in his individual capacity, as Defendant is here, for violating a civilly committed person's substantive due process rights, the treatment decisions made by the professional are presumed correct. Beck v. Wilson, 377 F.3d 884, 890 (8th Cir. 2004). Liability, therefore, will only be imposed "when the decision by the professional is such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision in such a judgment." Id. (quoting Youngberg).

Defendant has provided a reason why Plaintiff was not allowed in his room during the day: it erodes his treatment program. Defendant has also shown that residents are not required to spend all their time in the day hall. In fact, residents are encouraged to attend other activities such as group therapy and individual counseling. The Court presumes these reasons are valid, and Plaintiff presents no evidence to the contrary. Thus, Defendant's Motion for Summary Judgment will be granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alan Blake's Motion for Leave to file Defendant's Response (Doc. No. 32) and Motion for Lave to file Supplemental Memorandum in Support (Doc. No. 33) are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Alan Blake's Motion for Summary Judgment

(Doc. No. 26) is **GRANTED**, and Plaintiff's claims are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Larry Coffman's Motion for Summary Judgment (Doc. No. 31) is **DENIED**.

An appropriate judgment will accompany this order and memorandum.

Dated this 7th day of December, 2006

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE